IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCENT J. IMBRENDA, SR., et al., | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SANTANDER BANK, N.A., et al., | : | No. 14-6103 |
| Defendants. | : | |

MEMORANDUM

**Schiller, J.** February 26, 2015

    Vincent J. Imbrenda, Sr., Vincent J. Imbrenda, Jr., and Suzanne Imbrenda filed this action in the Court of Common Pleas, Philadelphia County, against Santander Bank ("Santander"), American Bankers Insurance Company of Florida ("American Bankers"), Cumberland Mutual Fire Insurance Company ("Cumberland Mutual"), and Barbara Imbrenda, asserting state tort law claims arising from Barbara's alleged improper handling of flood insurance claims for their jointly-owned property. American Bankers removed the case to this Court, citing federal grants of jurisdiction for claims arising from policies issued under the National Flood Insurance Program. Following the dismissal of all defendants except Barbara Imbrenda, Plaintiffs seek to remand the case to state court for lack of diversity or federal question jurisdiction. For the following reasons, Plaintiffs' motion is granted.

**I. FACTS**

    Plaintiffs are Pennsylvania residents who collectively own a two-thirds interest in property located at 1209-1211 Waverly Avenue, North Beach Haven, New Jersey (the "Property"). (Compl. ¶ 10-11.) Barbara Imbrenda, also a resident of Pennsylvania, owns the

remaining one-third interest. (*Id.* ¶ 11.) Plaintiffs and Barbara are the sole survivors of Dorothy Imbrenda, Carol Imbrenda, and Michael Imbrenda. (*Id.* ¶ 12.)

After the Property was damaged in October 2012, Barbara submitted claims under various insurance policies, including a flood insurance policy. (*Id.* ¶ 14.) As a result, American Bankers issued seven checks, totaling $96,402.50, to "Dorothy Imbrenda & Heirs Carol Vincent Michael & Barbara." (*Id.* ¶¶ 15, 18.) Cumberland Mutual issued a check for $4,772.54 to Dorothy Imbrenda alone. (*Id.* ¶¶ 16, 19.) Barbara negotiated and endorsed all eight checks on her own, and deposited the proceeds into her personal bank account maintained by Santander. (*Id.* ¶¶ 20-22.) As two-thirds owners of the Property, Plaintiffs claim two-thirds of the insurance proceeds. (*Id.* ¶ 23.)

Plaintiffs filed this lawsuit in the Philadelphia County Court of Common Pleas on September 20, 2014. (Notice of Removal at 2.) American Bankers removed the case to this Court on October 24, 2014. (*Id.*) On January 26, 2015, the Court dismissed with prejudice Plaintiffs' claims against Santander, American Bankers, and Cumberland Mutual, leaving only claims for conversion and unjust enrichment against Barbara Imbrenda.

## II. DISCUSSION

Federal courts possess original jurisdiction only over cases and controversies involving a federal question, or in which the parties are completely diverse and the amount in controversy exceeds $75,000. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). At the time of removal, this Court had subject matter jurisdiction over this matter because Plaintiffs' lawsuit arose from the handling of a claim under a Standard Flood Insurance Policy ("SFIP"). The interpretation of an SFIP and all disputes arising from the handling of any claim under the

policy are governed exclusively by federal common law. 44 C.F.R. Pt. 61, App. A(1), Article IX; *see also Linder & Assocs., Inc. v. Aetna Cas. & Sur. Co.*, 166 F.3d 547, 550 (3d Cir. 1999). However, the Imbrendas lack diversity of citizenship, and Plaintiffs argue that the state tort law claims against Barbara are not disputes arising from the handling of an SFIP claim which would confer federal question jurisdiction. (Pls.' Mem. of Law in Supp. of Mot. to Remand at 1.)

  A. **Federal Question Jurisdiction Over Remaining Claims**

  Defendant's first argument against remand is that since Barbara is alleged to have converted and unjustly enriched herself with funds from an SFIP, issued on behalf of the federal government, federal jurisdiction exists pursuant to 28 U.S.C. § 1331. (Def.'s Mem. of Law in Opp. to Pls.' Mot. to Remand at 3.) However, Plaintiffs' remaining claims are merely common law tort claims which do not require interpretation of the insurance policy or the resolution of a federal issue. The presence of a possible federal issue is not "a password opening federal courts to any state action embracing a point of federal law." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). Here, Plaintiffs do not dispute the propriety of Barbara's submission of a claim under the policy. (Pls.' Mem. of Law in Further Supp. of Mot. to Remand at 2.) Nor do they dispute the identities of the Property or the insurance payees. (*Id.*) Rather, Plaintiffs allege that Barbara improperly negotiated the checks received from the insurance company and deposited the entirety of the proceeds into her individual bank account. (Compl. ¶¶ 17-23.) This dispute between two insureds does not "necessarily raise a stated federal issue, actually disputed and substantial," and thus does not confer jurisdiction on this Court under § 1331. *Grable & Sons*, 545 U.S. at 314.

  Defendant also argues that 42 U.S.C. § 4072 grants original exclusive jurisdiction to the United States district courts over matters arising from claims under an SFIP. However, § 4072

refers only to claims against the Administrator of the National Flood Insurance Program arising from disallowance of insurance claims or the claimant's refusal to accept the allowed amount. *Id.* Since the Imbrendas' dispute is not a claim against the Administrator relating to the handling of Barbara's claims, § 4072 is inapplicable to this case.

### B. Supplemental Jurisdiction

As all of the claims over which this Court would have had original jurisdiction have been dismissed, and Plaintiffs' state law claims against Barbara do not confer federal question jurisdiction, this Court now declines to exercise supplemental jurisdiction over the remaining claims. *See* 28 U.S.C. § 1367(c)(3).

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand is granted. An Order consistent with this Memorandum will be docketed separately.